### BRADY v. SMITH et al.

(City Court of New York, General Term. June 20, 1894.)

CHATTEL MORTGAGES—PROCUREMENT BY FRAUD.

In an action for conversion, a judgment for plaintiff is sustained by evidence that plaintiff was induced to sign a chattel mortgage, payable on demand, by the representations of defendant that it was an extension of credit on a claim of defendant against plaintiff's husband, and that defendant took possession under the mortgage within two hours after the mortgage was signed.

Appeal from trial term.

Action by Anna T. Brady against G. Waldo Smith and another. From a judgment entered on a verdict in favor of plaintiff, and from an order denying a motion for a new trial, defendants appeal. Affirmed.

Argued before FITZSIMONS, NEWBURGER, and CONLAN, JJ.

Uriah W. Tompkins, for appellants.

Burr & De Lacy, for respondent.

CONLAN, J. This action was brought to recover the value of a grocery stock, furniture, and fixtures contained in the store known as "No. 846 Second Avenue," in the city of New York, alleged to have been wrongfully and unlawfully seized and converted by the defendants. The answer denies the unlawful taking of the property, but admits that the property was taken by them by virtue of a chattel mortgage executed by the plaintiff to the defendants on the 25th day of July, 1892. The evidence discloses the following facts, viz.: That prior to the 21st day of July, 1892, Patrick Brady, the

husband of the plaintiff, was the owner of, and conducting, a grocery store at No. 846 Second avenue, in the city of New York, and that on that day he executed a bill of sale of the stock and fixtures contained in said store to Anna Brady, his wife, in payment of an indebtedness of $1,500 for money theretofore loaned and advanced by plaintiff to the said Patrick Brady; that thereafter the plaintiff took possession of said stock and fixtures, and was in possession on the 25th day of July, 1892; that on said 25th day of July one John V. Alexander called at the store of the plaintiff, accompanied by one of the deputies of the sheriff of the city and county of New York, who had an attachment against Patrick Brady, based on a merchandise account due Messrs. Smith & Sills, the defendants; that when said deputy attempted to levy under said attachment the plaintiff asserted her ownership of the stock and fixtures. While in the store, Alexander, who is a collector, and had charge of the claim of Smith & Sills, said, "Come along to Smith & Sills', and we will get you an extension of credit,—get you anything at all you want." Thereupon, the plaintiff and her husband went to the place of business of the defendants, in Eighth avenue, accompanied by said Alexander. On the way to defendants' store, Alexander impressed upon the plaintiff and her husband that he would get them an extension of credit. When they reached the office of the defendants, they met Mr. Sills and one Gardiner Merritt, who acted as counsel for defendants. Immediately on their arrival, two papers were prepared. One turned out to be a confession of judgment from Patrick Brady to the defendants for the amount of his indebtedness, and the other a chattel mortgage from the plaintiff to the defendants, due on demand, covering the property conveyed to her by her husband. Plaintiff says she was told the paper she signed would take the sheriff out, and give an extension of credit. She says, "Alexander said, 'This will give you time to pay, and we will take the sheriff out.'" Before leaving the office of defendants, Alexander advised her to go and see a man in Jay street, as he thought he would buy the store, which she did, her husband going with her. Returning, after a fruitless search, some two hours later, she found the defendants in possession of the store, claiming under the foreclosure of the chattel mortgage she had been induced to execute but a few hours before. The next morning they sold at public auction all the stock and fixtures then in the store. An examination of the testimony in this case discloses a fraud perpetrated on the plaintiff by the defendants, through the instrumentality of Alexander, and certainly with the knowledge and approval of the defendants, if not their active participation. The verdict of the jury is abundantly sustained by the evidence, and is in consonance with substantial justice. The judgment should be affirmed, with costs. All concur.